```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

Brian Fusonie,                       :
        Plaintiff,                   :
                                     :
        v.                           :   File No. 1:06-CV-206
                                     :
State of Vermont, Vermont            :
Legal Aid, et al.,                   :
        Defendants.                  :
```

OPINION AND ORDER

Plaintiff Brian Fusonie, proceeding *pro se*, has submitted a "Complaint Integral" in which he seeks, *inter alia*, appellate review of various state court judgments. The judgments include rulings in a landlord-tenant dispute and an order to have Fusonie involuntarily medicated. Fusonie also protests a case in which Judge Cashman sentenced an alleged pedophile. Elsewhere in his filing, Fusonie complains of mail tampering and defamation. Although the complete list of defendants is difficult to discern, the allegations mention several state court judges, state employees, the United States Postal Service, United States District Court Chief Judge William Sessions, Fusonie's father, and Vermont Legal Aid.

Pending before the Court is Fusonie's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Fusonie has submitted an affidavit stating that he has given most of his property to the YeshUnity church. Assuming the truthfulness of this statement, Fusonie has made the showing required by § 1915(a). Accordingly, the request to proceed *in*

*forma pauperis* is GRANTED.  28 U.S.C. § 1915(a).  However, for the reasons set forth below, Fusonie's complaint is DISMISSED.

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a).  A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue, or that the complaint is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Final dismissal is appropriate when amendment of the complaint would be futile or when the substance of the claim pleaded is frivolous on its face.  See Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  An action is "frivolous" when either: "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The majority of Fusonie's complaint seeks appellate review of lower state court decisions. This Court has no jurisdiction to conduct such a review. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to review of judgments of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This is so even if the federal challenges allege that the state court actions are unconstitutional.[1] Conway v. Garvey, 2003 WL 22510384, at *4 (S.D.N.Y. Nov. 5, 2003).

To the extent that Fusonie seeks to sue the judges responsible for those judgments, state court judges are protected by absolute judicial immunity. The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id. (quotation omitted). Thus, under the common-law doctrine of judicial immunity, a judge is absolutely immune from a suit

---

[1] The only exception is a habeas corpus petition pursuant to 28 U.S.C. § 2254. There is no indication in Fusonie's filing that he is submitting such a petition.

for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions that the judge took "in the complete absence of all jurisdiction." Huminski v. Corsones, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted).

Fusonie complains that state court judges and other potential defendants have "used fake past histories" as a basis for taking action against him. For example, Fusonie claims that Judges Helen Toor and Christina Reiss wrongly concluded that "'Mr. Fusonie has not been previously found not schizophrenia [sic] nor paranoid for claims of religious paranormal, including death threats from Yeshua God, tongues prophecies therefore paranormal claims . . . .'" (Paper 1-2 at 2). Assuming that Fusonie's claim has a factual basis, there is no claim that the judges' findings of fact were made either (1) outside a judicial capacity or (2) without jurisdiction. Judicial immunity therefore applies.

Although Fusonie's filings include allegations against a host of other defendants, there is no indication of a viable federal claim. The most detailed allegation is against a clerk at the Vermont Supreme Court. Fusonie claims that the clerk misquoted a Supreme Court order and thus "prejudiced [his] case and liberty and good name . . . ." (Paper 1-2 at 1). Fusonie has attached to his complaint both the order in

4

question and the letter sent to him by the clerk.  Having reviewed these documents, the Court sees no basis for a claim.

Any remaining claims are equally unsupported.[2]  While this Court is well aware that *pro se* complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated," see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), Fusonie's claims are clearly frivolous.  The complaint is, therefore, DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 30th day of October, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

[2]  The complaint makes a bald allegation of mail tampering, and references a second complaint that has not been included with the instant filing.  Fusonie also claims that documents were taken from his room at the Vermont State Hospital.  He does not allege who took the documents, and speculates that because the documents were "damning against Helen Toor, and VSH, VLA . . . [their disappearance] is not likely coincidental . . . ."  (Paper 1-2 at 3).